# In re Application of First Presbyterian Church of Bloomfield for Change of Name, &c.

The Act of April 20th, 1869 (P. L. 82), provides that it shall be lawful for the Courts of Common Pleas "to change the name, style and title of any corporation within their respective counties," . . . . . "*provided*," that no proceeding for such purpose shall be entertained by the courts until notice of such application is given to the Auditor General, and proof of such fact is produced to the courts."

*Held*, that said proviso is mandatory and applies to all corporations, religious as well as others, notwithstanding the charters of church corporations are not required by law to be filed in the Auditor General's office, but are recorded in the local County Recorder's office.

*Held*, therefore, that it is essential, to give jurisdiction to the Court of Common Pleas to change the name of a church corporation, that it should appear in the record of the proceeding that notice of the proposed application had been given to the Auditor General, as required by said proviso.

November 4th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY and CLARK, JJ. STERRETT and GREEN, JJ., absent.

CERTIORARI to the Court of Common Pleas No. 2, of *Allegheny county*: Of October and November Term, 1884, No. 151.

The record showed the following: Petition, filed June 23d, 1884, by the First Presbyterian Church of Bloomfield, a corporation incorporated by the Court of Common Pleas of Allegheny county, under charter dated July 27th, 1872, recorded in the office of Recorder of Deeds in said county, setting forth that the corporation desires to amend its said charter and change its name and title, as follows:

That the first article of its present charter, which is as follows: "I. The name of the corporation shall be the First Presbyterian Church of Bloomfield" shall be amended and changed so as to read as follows: I. The name of the corporation shall be Fourth Presbyterian Church of Pittsburgh. Wherefore it prays your honorable court to make a decree accordingly.

Order of court filed June 23d, 1884. And now, June 23d, 1884, the foregoing petition exhibited in open court: and the court, upon consideration thereof, being of opinion that said amendment of the charter and change of name of said corporation will be lawful, beneficial, and not injurious to the community, do direct said petition or writing to be filed in the office of the Prothonotary of the court, and that notice thereof be inserted in one newspaper printed in said county, for three

[In re Change of Corporate Name.]

weeks, setting forth that said application has been made, and that a decree will be made on July 19th, 1884, at 10 o'clock A. M., conformably to the prayer of the petition, unless sufficient reason be shown why the same should not be done.

PER CURIAM.

Resolution of Board of Trustees filed July 12th, 1884.

July 12th, 1884, proof of publication filed.

July 18th, 1884. Exceptions and objections filed by the trustees of the Fourth Presbyterian Church of Pittsburgh substantially as follows: That there has already been incorporated, in the city of Pittsburgh, a Presbyterian church, the corporate name of which is the "Fourth Presbyterian Church of Pittsburgh." That the Fourth Presbyterian Church of Pittsburgh (by virtue of the last will and testament of James Jones, deceased,) became possessed of real and personal property in the city of Pittsburgh, in trust, and the proposed change of name to the same corporate name as that of the exceptant corporation is calculated to produce confusion, and possible conflict of authority over said fund. That an effort is being made to revive the "Fourth Presbyterian Church of Pittsburgh," and, if successful, the change prayed for by the First Presbyterian Church of Bloomfield would give rise to confusion in management of said trust, and be prejudicial to the rights of the "Fourth Presbyterian Church of Pittsburgh."

(The exceptants did not suggest the objection that notice of the application had not been given to the Auditor General.)

Final decree. July 26th, 1884, the exceptions filed to the amendment prayed for are dismissed. Opinion filed.

And now, to wit, July 26th, 1884, it appearing to the court that the order of the court, as to notice, etc., made June 23d, 1884, has been complied with, and no sufficient reason having been shown why the said amendment of the charter and change of name of the corporation should not be made, it is now ordered, adjudged, and decreed that the name of said corporation shall be the *Fourth Presbyterian Church of Pittsburgh*, and that said amendment and change of name shall be deemed and taken (when duly recorded) to be a part of the charter of said corporation ; and it is further ordered that said amendment shall be recorded in the office for the recording of deeds in said county.        PER CURIAM, THOS. EWING, P. J.

The exceptants thereupon took this writ of certiorari, assigning for error, inter alia, the overruling of their several exceptions, and the decree; also the following additional assignments of error:

(1) The court erred in entertaining the petition of the First

[In re Change of Corporate Name.]

Presbyterian Church of Bloomfield for change of its corporate name and title, it not first appearing, by due proof produced to the court, that notice of such application was given to the Auditor General of the State of Pennsylvania as required by law.

(2) The court erred in making the order of June 23d, 1884, and in all its subsequent proceedings, it having no jurisdiction in the premises, due proof of notice of the application of said corporation to change its corporate name and title being given the Auditor General of the State of Pennsylvania not having first been produced to the court as required by law.

*Winfield S. Wilson* and *Jacob F. Slagle (S. H. Geyer* with them), for the plaintiffs in error.—It is proper to state that the attention of the court below was not called to the Act of April 20th, 1869 (P. L. 82), nor was the question of jurisdiction urged there. But the want of jurisdiction can be taken advantage of at any stage of the proceedings, whether in the court below or in this court. The proviso to that Act is express and mandatory, making notice to the Auditor General in all cases an essential prerequisite to the entertaining by the Common Pleas of any proceeding for the change of name of any corporation. The court will not approve a charter for a religious corporation with the same corporate name as a previously existing corporation: First Baptist Church, 3 Haz. Pa. Reg. 225 ; First Presbyterian Church, 2 Grant 240.

*A. M. Brown*, for the defendant in error.—The exceptants had no standing to object, as the objecting corporation congregation had been dissolved by presbytery, and the name of the Fourth Presbyterian congregation stricken from its rolls. The question of jurisdiction, now raised for the first time, depends solely on a matter of fact—whether or not notice was given to the Auditor General. That question of fact was for the Court of Common Pleas, and if it had been raised in that court it would have been adjudicated, and made a part of the record. The presumption is in favor of the regularity of the proceedings of courts of record, and no evidence has been or can now be produced to impeach that presumption. A mere suggestion of the party complaining, in relation to a question of fact, of which the law requires no record to be made, is insufficient. The application was made to amend the charter and change the name, not under the Act of 1869, but under the old general law and its supplements authorizing the Common Pleas to charter associations for literary, charitable or religious purposes, and to amend such charters, &c.

11 OUTERBRIDGE.—35

The taxing Acts require all *business* corporations to register their name in the Auditor General's office, and to make annual reports to that officer, and churches are exempt by law from taxation. The purpose of the Act of April 20th, 1869, was to maintain in the office of the Auditor General a correct list or record of business corporations for the purpose of taxation. Registration in the office of the Auditor General was a prerequisite of doing business within the Commonwealth. Such corporations might avoid taxation by a mere change of name, effected by a proceeding in a county court, without some such legal requirement as the Act of 1869 imposes. But it cannot be presumed that notice of a change of name of a church corporation, not subject to taxation, was intended to be required. Corporations for religious, charitable and literary purposes, may be incorporated and maintained without notice to the executive or to the Auditor General; therefore it would be unreasonable to suppose that the legislature intended to class them with business corporations in the matter of notice to the Auditor General of a change of name merely. But we submit that the amendment of the charter, involving a change of name also in this case, was authorized by the Act of October 13, 1840 (supplemental to the Act of 1791), and that the provisions of the Act of April 20th, 1869, do not apply.

Mr. Justice GORDON delivered the opinion of the court, November, 13th, 1884.

The matter in hand has been brought before us on a writ of certiorari from the Common Pleas, hence, we are confined to an examination of those papers and docket entries which form the records of the case. With the evidence and those considerations which influenced the court in making up its decree, we have nothing to do. The power of the Court of Common Pleas to change the name of a corporation is found in the first section of the Act of April 20th, 1869; previously to the date of this Act, it had no authority to entertain proceedings for such purpose. This power is necessarily special, and conferred by legislative enactment, for in the general or common law jurisdiction of that court is found no power either to erect corporations, alter their charters or change their names. Now, the Act above referred to thus provides: "No proceedings for such purpose," that is, for the change of the name of a corporation, "shall be entertained by the courts, until notice of such application is given to the Auditor General, and proof of such fact is produced to the courts." But in looking over the records of this case, we discover no intimation of a compliance with this provision. Did

we find a statement to that effect either in the petition or decree, it would be regarded as sufficient, for as has been already said, with the proofs we have nothing to do; we look only at the record. But therein we find no such statement, and without it the court's jurisdiction nowhere appears. We cannot entertain the idea, so strongly urged in behalf of the defendant in error, that this part of the statute is merely directory, and that a compliance with it need not appear, and our dissent from this proposition is founded upon the fact that the language of the statute is imperative; in the absence of conformity with its provision, there is an absolute prohibition of the action of the court. "No proceeding for such purpose shall be entertained;" the Act confers the jurisdiction, and by the Act that jurisdiction is positively limited to such cases only in which notice has been given to the Auditor General.

It will thus be seen that the power of the Common Pleas is confined to a particular class of cases, and unless the case under consideration appears, from the record, to be within the statutory class, there is nothing to support the jurisdiction of the court, and its decree must necessarily be invalid. It is very true, that outside of the command of the statute, there does not seem to be much reason why this provision should be applied to religious and other charitable corporations, whose charters are not filed in the Auditor General's office, but in the office of the Recorder of Deeds of the county in which the corporation has been established. Why the Auditor General should have notice of the change of the name of a corporation of whose charter he has no official information, is something for which a reason cannot easily be given. But whether wise or unwise, such is the statute, and we can neither amend nor disregard it. Whilst, therefore, everything else in the record before us seems to be regular and unexceptionable, in this, an exhibition of the jurisdiction of the court over the subject matter under consideration, it is fatally defective, and consequently the decree founded upon it must be reversed.

It is now ordered that the decree of the court below be reversed and set aside.