# Philadelphia Lying-In Charity, Appellant, *v.* Maternity Hospital.

*Corporations—Name—Conflicting names—Maternity hospital.*

The discretion of the court of common pleas in refusing to amend a charter by changing a name of a corporation from the Philadelphia Lying-In Charity to the Central Maternity and Hospital for Women, when such change is opposed by an older corporation of the name of The Maternity Hospital, will not be reviewed by the Superior Court, where the record discloses no abuse of discretion, and that the decree of the lower court was based upon a due consideration of local conditions and of all the pertinent facts and circumstances bearing upon the situation.

Argued Oct. 12, 1905.    Appeal, No. 156, Oct. T., 1905, by plaintiff, from order of C. P. No. 1 Phila. Co., March T., 1888,

No. 876, refusing to amend a charter in case of The Philadelphia Lying-In Charity v. The Maternity Hospital. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition of the Philadelphia Lying-In Charity to change its name to The Central Maternity and Hospital for Women.

The Maternity Hospital, located at 734 So. Tenth in the city of Philadelphia, filed the following exceptions to the petition:

1. Because the said proposed corporate name is misleading and confusing.

2. Because the name "Central" would indicate that the said hospital had other branches in the city of Philadelphia, which are not central.

3. Because the said institution, located at the southwest corner of Eleventh and Cherry streets, in the city of Philadelphia, is not any more central, so far as its location is concerned, than other maternity hospitals, such as the maternity hospital of Jefferson Medical College, "The Maternity Hospital," at the southwest corner of Tenth and Fitzwater streets, and other like institutions.

4. Because the "Maternity Hospital," located at the southwest corner of Tenth and Fitzwater streets, in the city of Philadelphia, incorporated on June 2, 1873, has become known to the community as "The Maternity Hospital," and the use of the name "Maternity" will confuse the public mind, as well as lead to confusion in the minds of benevolent testators who may desire to leave devises or bequests to either "The Maternity Hospital" or "The Central Maternity and Hospital for Women."

For the reasons hereinbefore stated the board of governors of "The Maternity Hospital" most respectfully excepts to the granting or approval of the proposed application, and asks your honorable court to refuse the same.

The court entered a decree refusing the amendment.

*Error assigned* was in refusing the amendment.

*Hood Gilpin,* for appellant.—The following cases are cited in support of the view of appellant: In re Dime Savings Bank,

26 W. N. C. 77; Canal Company v. Clark, 80 U. S. 311; In re Charter of Columbus Security Order, 27 W. N. C. 36; In re Citizens' Trust, Tax Indemnity and Surety Co., 27 W. N. C. 437; Glendon Iron Co. v. Uhler, 75 Pa. 467; Goodyear's India Rubber Glove Mfg. Co. v. Goodyear Rubber Co., 128 U. S. 598 (9 Sup. Ct. Repr. 166); Laughman's App., 128 Pa. 1.

*Henry B. Patton,* with him *William H. Staake,* for appellee. —When a court of first instance makes a decree in a matter which rests within its sound discretion, if such discretion has not manifestly been abused, this court will not review the action of the court below.

Thus the higher court refused to consider the appeals in the following widely variant instances, in all of which action was discretionary with the court below:

The making and interpretation of rules: Collins v. Leafey, 124 Pa. 203. The recall of witnesses: Dosch v. Diem, 176 Pa. 603. Amendment of the pleadings: Melvin v. Melvin, 130 Pa. 6. Refusal to grant a non-suit: Davis v. Insurance Co., 5 Pa. Superior Ct. 506. Granting new trials: Shanahan v. Ins. Co., 6 Pa. Superior Ct. 65. Opening judgments: Wernet's Appeal, 91 Pa. 319; Renwick v. Richardson, 5 Pa. Superior Ct. 202. Construing decrees: Fullerton v. Peabody, 2 Pa. Superior Ct. 146. Approval of bonds: Market Co. v. R. R. Co., 142 Pa. 580.

It is not such manifest abuse of discretion to refuse to allow a corporation to change its name on the ground of the similarity between the proposed name and the name of another corporation already in existence: In re Citizens' Trust, etc., Co., 27 W. N. C. 437.

*Hood Gilpin,* for appellant, in reply.—The court will review even what is a matter of discretion in the court below, if the discretion has been abused: Vaux's Appeal, 109 Pa. 497; Griffith v. Edwards, 10 W. N. C. 271; Gamble v. Woods, 53 Pa. 158; Neeld's Appeal, 70 Pa. 113; In re Grand Lodge of the Ancient Order of United Workmen, 110 Pa. 613.

PER CURIAM, November 20, 1905:

This is an appeal from a decree refusing the appellant's petition to amend its charter by changing its name from the Phila-

delphia Lying-In Charity to the Central Maternity and Hospital for Women. The appellant's petition sets forth valid reasons for changing the name of the corporation to one that will be more fully descriptive of the two classes of charitable work which fall within the scope of the charter as amended in 1888. But it does not clearly and satisfactorily appear that the name chosen is the only one that will accomplish the end desired, or that it is better adapted for that purpose than any other that could be selected. This being so, the similarity of the name to that of another corporation having its hospital in the vicinity was a matter eminently proper for consideration by the court to whose sound legal discretion the application was addressed. This is not because any absolute vested right of the appellees would be infringed by the appellant's adoption of the proposed name, but because of the tendency to confusion that might result. The weight to which this matter was entitled depended to some extent upon local conditions, concerning which evidence was admissible in that court, but which is not, and could not, be brought up for our consideration. The proceedings in the court below are free from irregularity, and, as the refusal of the application, especially in view of the exceptions filed by the appellee and the questions of fact raised thereby, is an order which the court had discretionary power to make upon due consideration of the pertinent facts and circumstances, it is not reversible on appeal except for abuse of discretion : In re First Presbyterian Church of Bloomfield, 107 Pa. 543. See also Vaux's Appeal, 109 Pa. 497 ; In re Grand Lodge, A. O. U. W., 110 Pa. 613. Nothing of that kind is inferable from anything that appears in, or is omitted from, this record.

The decree is affirmed.