KNIGHTS OF THE MACCABEES OF THE WORLD, APPELLEE, V. EDWIN M. SEARLE, JR., APPELLANT, ET AL.

FILED DECEMBER 20, 1905.   No. 14,292.

1. Beneficial Associations: PROTECTION OF NAME. Under section 110, chapter 43, Compiled Statutes 1903, the auditor is not authorized to issue a certificate of organization to a society whose name or title so resembles a title already in use in the state as to have a tendency to mislead the public.

2. ——: ——. If a name or title of a beneficiary insurance com-

pany contains a descriptive word by which the society is generally known to the public, to incorporate that word as the characteristic word in the name of a proposed new company must be held to have a tendency to mislead the public.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Norris Brown, Attorney General, William T. Thompson, W. H. Thompson* and *J. C. Hartigan,* for appellant.

*Hainer & Smith, contra.*

SEDGWICK, J.

The district court enjoined the auditor "from issuing a permit (to plaintiff) to use the word 'Maccabees' in the formation of its corporate name, and enjoined all other defendants from using the word 'Maccabees' in the formation of the corporate name of the new or proposed society for which they have been designated as officers." The plaintiff is a Michigan corporation, and is authorized to do business in this state as a fraternal beneficial association. Its corporate name is "The Knights of the Maccabees of the World." It has been doing business under that name for more than 20 years, and was doing business in this state before the adoption of the present law regulating beneficiary associations, and has continued under the operation of that law. The auditor, at the request of the other defendants, was about to issue certificate of organization to a fraternal beneficial association which was being organized by the other defendants under the name of the "Western Maccabees." The question was presented by a general demurrer to the petition for injunction, which was overruled, and this is the ruling complained of. The correctness of this ruling depends mainly upon two questions. First: Can the action of the auditor in issuing or refusing this certificate be controlled by the courts under any circumstances? Second: Is the name

which has been adopted by the other defendants seeking this license the same name as the name of this plaintiff, or does it so nearly resemble the plaintiff's title as to have a tendency to mislead the public?

1. This court has frequently approved the general doctrine in 2 High, Injunction (4th ed.), sec. 1,240: "No principal of equity jurisprudence is better established than that courts of equity will not sit in review of the proceedings of subordinate political or municipal tribunals and that where matters are left to the discretion of such bodies, the exercise of that discretion in good faith is conclusive, and will not, in the absence of fraud, be disturbed."    The rule is stated by Mr. Chief Justice Fuller, as follows:

"The writ of mandamus cannot issue in a case where its effect is to direct or control the head of an executive department in the discharge of an executive duty, involving the exercise of judgment or discretion." *United States v. Blaine,* 139 U. S. 306, 11 Sup. Ct. Rep. 607.

In *State v. Searle,* 74 Neb. 486, which involved a construction of the provisions of section 100, chapter 43, Compiled Statutes 1903 (Ann. St. 6492), it was held that, in the matter of granting the annual license provided for in that section, the auditor, while clothed with a large discretion, was not given unlimited and arbitrary power to refuse a license.   This was thought to be the policy of our statute, plainly derived from a consideration of all of its provisions.   The same reasoning seems to apply here.   The section under consideration (Comp. St. 1903, ch. 43, sec. 110, Ann. St. 6502), provides that, if the auditor shall find (among other things) "that the name or title is not the same, or does not so nearly resemble a title in use as to have a tendency to mislead the public, he shall approve the same, and forthwith issue a certificate of organization to such society."   If the name adopted by the society asking for the certificate of organization resembles a title in use by a company of a similar nature, so as to have a tendency to mislead the public, the audi-

tor is not authorized under this statute to issue the certificate.

2. Did the name or title of this company so nearly resemble a title in use as to have a tendency to mislead the public? The petition demurred to alleges that the word "Maccabees" is the principal part of the corporate name of the plaintiff, and has been so established by the plaintiff at great expense of time and money; "that the plaintiff is commonly known and designated by the public by the name of 'Maccabees.' That the defendants, who are promotors of said proposed association, were heretofore members of plaintiff association; that they and each of them, without just cause therefor, became discontented and dissatisfied with some of the requirements of plaintiff, the exact nature of which plaintiff is unable to state; that said defendants last referred to, with the intent to gain an undue advantage over plaintiff by causing the public to believe that the new society by them proposed to be incorporated was or had some connection with plaintiff, did insert as the principal part of its proposed corporate name for said new society the word 'Maccabees,' so as to mislead the public and bring about confusion as to the identity of the societies, and thereby enable it to obtain membership by causing persons to believe that the plans of operation were the same, and the new society only a branch or component part of plaintiff association." If the word "Maccabees" is a descriptive word in the name of plaintiff, and the public are in the habit of designating the plaintiff society by that name, and the society is commonly so known to the public, it would seem that there could be no doubt that the title "Western Maccabees" so nearly resembles the name of the plaintiff as to have a tendency to mislead the public. Suitable names for societies of this nature are not so rare as to make it necessary to borrow characteristic words from the name of another association. It was not necessary for the plaintiff to allege and prove that the public would be misled by the use of a part of plaintiff's

name in the way proposed. It was sufficient to allege and prove that there would be a tendency to so mislead the public. The statute requires that such tendency be avoided, and does not allow a society to be organized having a name or title so borrowed from a name already in use.

The demurrer to the petition was properly overruled, and the judgment of the district court is therefore

AFFIRMED.