## Polish National Catholic Church of St. Francis.

*Corporations—Names—Conflicting titles.*

The Superior Court will not review the discretion of the court of common pleas in refusing to grant a charter to a church congregation under the name of the Polish National Catholic Church of St. Francis, where the application for the charter is resisted by an unincorporated congregation already in existence under the name of the St. Francis Roman Catholic Church.

Argued Jan. 9, 1906. Appeal, No. 43, Jan. T., 1906, by the Polish National Catholic Church of St. Francis, from order of C. P. Luzerne Co., refusing Charter In re Application for Charter. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Application for charter. Before HALSEY, J.

The opinion of the Superior Court states the case.

*Error assigned* was order refusing the charter.

*John M. Garman,* for appellant.—There is sufficient dissimilarity in the names : O'Hear v. De Goesbriand, 33 Vt. 593 ; Doland v. Baltimore, 4 Gill (Md.), 394 ; Kidd Bros. & Burgher Street Wire Co., 17 Pa. C. C. Rep. 238 ; Citizens' Trust etc., Co., 9 Pa. C. C. Rep. 366 ; Koehler v. Sanders, 122 N. Y. 65 (25 N. E. Repr. 235) ; Hygeia Water Ice Co. v. New York Hygeia Ice Co., 140 N. Y. 94 (35 N. E. Repr. 417).

*T. P. Hoban,* with him *P. A. O'Boyle,* for appellees.—A charter will not be granted to a corporation with a name so similar to that of an existing corporation as to lead to confusion : Kidd Bros. & Burgher Steel Wire Co., 5 Pa. Dist. Rep. 56 ; Bradley Fertilizer Co., 19 Pa. C. C. Reps. 271 ; West End Companies, 27 Pa. C. C Rep. 641 ; Maccabee Societies, 27 Pa. C. C. Rep. 651 ; Philadelphia Artisans' Institute, 8 Phila. 229 ; Magill v. Brown, 16 Fed. Las. 408 ; Methodist Church v. Remington, 1 Watts, 219 ; Beitel's Ecclesiastical Laws of Pa. 79 ; In re United States Mortgage Co., 83 Hun, 572 (32 N. Y.

Supp. 11); Incorporation of St. Stanislaus Polish National Reformed Church of Scranton, 4 Laca. Jurist, 21; International Committee of Young Women's Christian Assns. v. Young Women's Christian Assn., 194 Ill. 194 (62 N. E. Repr. 551); Sons of Progress, 14 W. N. C. 31; Waverly Ladies of the Red Cross, 12 Pa. C. C. Rep. 589; Phila. Trust Safe Deposit & Ins. Co. v. Phila. Trust Co., 123 Fed. Repr. 534; Edison Storage Battery Co. v. Edison Automobile Co., 67 N. J. Eq. 44 (56 Atl. Repr. 861); In re Manhattan Dispensary, 7 N. Y. St. Rep. 871.

OPINION BY BEAVER, J., May 14, 1906:

Assuming for the purposes of this case that the appellant correctly states the name of the church in Nanticoke already in existence, although not incorporated, as the St. Francis Roman Catholic Church, the name, under which the applicants in their petition seek to be incorporated, is the Polish National Catholic Church of St. Francis. Selecting from both, therefore the prominent distinguishing words,—and we have, in the one case, the St. Francis Catholic Church, and, in the other, the Catholic Church of St. Francis,—it would be a great stretch of authority on our part to declare that the court below, in refusing a charter to the organization last named, violated the discretion which vests in and rests upon the court of common pleas.

This question has been lately considered by us in Phila. Lying-In Charity v. Maternity Hospital, 29 Pa. Superior Ct. 420. It was there said that: "The similarity of name to that of another corporation having its hospital in the vicinity was a matter eminently proper for consideration by the court, to whose sound legal discretion the application was addressed." It was further said : " This is not because any absolute vested right of the appellees would be infringed by the appellants' adoption of the proposed name, but because of the tendency to confusion that might result. The weight to which this matter was entitled depended to some extent upon local conditions, concerning which evidence was admissible in that court but which is not, and could not, be brought up for our consideration. The proceedings in the court below are free from irregularity, and, as the refusal of the application, especially in view of the exceptions filed by the appellee and the questions of fact raised

thereby, is an order which the court had discretionary power to make, upon due consideration of the pertinent facts and circumstances, it is not reversible, upon appeal, except for abuse of discretion."

These remarks apply with force to the present case and are, in our opinion, decisive of it. It is not necessary to cite the authorities referred to in the case just quoted and many others of like character.

With the ecclesiastical side of this controversy, if there be an ecclesiastical side to it, we have nothing whatever to do. Whether the so-called Roman Catholic Church has the exclusive right to the name Catholic, or whether the universal creed of Christendom—"I believe in the Holy Catholic Church"— is a protest against such an assumption need not be discussed here. This is purely a civil question. Did the court exercise sound legal discretion in reaching the conclusion that the use of these names in the same locality would occasion confusion and annoyance. We cannot say, as a matter of law, that it did not. The proceedings, therefore, being regular on their face, the decree must stand. It is affirmed.