## FAISAN *et al.* v. ADAIR *et al.*

1. The act of 1909 (Civil Code of 1910, §§ 1993, 1994) for the protection of any benevolent and other organization which is incorporated, against others using or adopting its name, style, or emblems, can not be invoked by voluntary associations.

2. Equity will enjoin individuals, or a corporation, that are using the name, insignia, and emblems of an existing benevolent and fraternal association to the injury of the latter. The facts examined, and held that the court did not abuse its discretion in granting an interlocutory injunction.

MARCH 3, 1916. Justices Lumpkin, Atkinson, and Hill being disqualified, Judges Thomas of the Southern circuit, Cox of the Albany circuit, and Jones of the Northeastern circuit were designated to sit in their stead.

Injunction. Before Judge Patterson. Fulton superior court, January 18, 1915.

*George Gordon,* for plaintiffs in error.

*W. H. Terrell, J. L. Mayson,* and *W. A. Fuller,* contra.

THOMAS, Judge. The plaintiffs are officers of Yaarab Temple, a local branch of a voluntary fraternal association known as the "Ancient Arabic Order of the Nobles of the Mystic Shrine." Both the local branch and the general association are unincorporated bodies. The defendants are alleged to be members of Rabban Temple, a local branch of an order calling itself the "Ancient Egyptian Arabic Order of the Nobles of the Mystic Shrine of North and South America," etc. The action is to enjoin the defendants and their order from using the name adopted by it, which is alleged to be a colorable imitation of the name of the fraternal association of which the plaintiffs are members, and to

prevent the use by the defendants, and the association of which they are members, of titles, insignia, and emblems in use by the organization to which the plaintiffs belong, and to the exclusive use of which they allege that organization is entitled. The court granted an interlocutory injunction, and the defendants excepted.

1. The names of the two associations are not substantially different, and it is admitted that the defendants are using the same titles, insignia, and emblems in connection with their membership in their association as the plaintiffs are using by virtue of their membership in the association to which they belong. The court was authorized to find that the fraternal association of the plaintiffs first used the name, titles, emblems, etc., in the United States and also in Georgia. So that the question is presented of the right of the plaintiffs to the injunction prayed against the defendants. The right is predicated by the plaintiffs in part on the act of 1909. Civil Code (1910), §§ 1993, 1994. That act forbids all persons or organizations from assuming, using, adopting, or becoming incorporated under, or continuing to use the name, style, or emblems of any benevolent, fraternal, social, humane, or charitable organization previously existing in the State, and which has been incorporated under the laws of this State or any other State, or of the United States, or a name or style or emblems so nearly resembling the name and style of such incorporated organization as to be a colorable imitation thereof. In order for a plaintiff to obtain the aid of this act, it must appear that such plaintiff is (1) an incorporated association, (2) that it is a benevolent etc. organization previously existing in this State, and (3) that the defendants propose to use or are using the name and style or emblems of such incorporated organization, or such as so nearly resemble the same as to be a colorable imitation. When the plaintiffs admitted that their association was unincorporated and that they sued as members of a voluntary association, they did not bring themselves within the purview or protection of the statute. See *Emory* v. *Odd Fellows*, 140 *Ga.* 423 (78 S. E. 922).

2. But this statutory remedy is not exclusive. Equity will enjoin individuals or a corporation that are using the name, insignia, and emblems of a benevolent and fraternal association to the injury of the latter. The plaintiffs had first adopted the name of the Ancient Arabic Order of the Nobles of the Mystic Shrine, and

organized and maintained under that name, upon a very large scale, a fraternal organization, and was operating in the city of Atlanta, Fulton county, Georgia. The defendants subsequently organized a similar society to be operated in the city of Atlanta, under the name of the Ancient Egyptian Arabic Order of the Nobles of the Mystic Shrine of North and South America, etc. The above all appears from the pleadings, and is undenied. When the plaintiffs brought suit to enjoin the defendants from the use of their name, insignia, emblems, etc., the judge who heard the application for injunction found that the name adopted by the defendants was so similar to that of the plaintiffs that the natural tendency was and would be to confuse and mislead the public, and in consequence was a fraud and injury which the plaintiffs were entitled to enjoin; and he granted the injunction. That was the question submitted for his determination. He was to pass upon the questions of fact involved in that issue. The judge in passing upon the facts had before him the admissions of the defendants that the plaintiffs had first adopted and used the name in the city of Atlanta, and that the defendants subsequently adopted the use of the same name, except the inclusion of the word "Egyptian" between the words "Ancient" and "Arabic," and he found that the names, thus similar, were calculated and had the natural tendency to result in confusion and embarrassment. It also appeared in evidence that certain members of the defendant organization had painted upon the windows of their respective places of business the distinctive emblem of the plaintiff organization. It was only necessary to show facts from which the trial judge could reach the conclusion that confusion and injury were likely to arise. Geo. G. Fox Co. *v.* Glenn, 191 Mass. 344 (78 N. E. 89, 9 L. R. A. (N. S.) 1096, 114 Am. St. R. 619). In the case of Benevolent P. O. E. *v.* Improved Benevolent P. O. E., 122 Tenn. 141 (118 S. W. 389), it is stated that the fact that two fraternal organizations drew their membership from different races, which did not mingle socially or fraternally, is not sufficient ground for denying injunctive relief against the use of the name, insignia, etc. It is well established that a benevolent, fraternal, or social organization will be protected in the use of its name, insignia, etc., by an injunction to restrain another organization from using the same, or others so similar as to be misleading.

Grand Lodge K. of P. of North & South America *v.* Grand Lodge K. of P., 174 Ala. 395 (56 So. 963). In Knights of Maccabees *v.* Searle, 75 Neb. 285 (106 N. W. 448), the court said that it was not necessary for the plaintiffs to allege and prove that the public would be misled by the use of a part of its name by another organization, but that it was sufficient to allege and prove that there would be a tendency to so mislead the public. In Re Polish Catholic Church, 31 Pa. Super. Ct. 87, the court said: "Confusion likely to follow from the use of similar names is the reason for denying the right to such use, rather than the existence of any vested right in the organization objecting to the use of the name."

Nor is it essential in such cases for the plaintiffs to show pecuniary loss or injury. The law with respect to trade-marks and trade-names applies generally to trade corporations where pecuniary loss or injury may be established; but with respect to fraternal societies not engaged in trade, there may be injury, and serious injury, which may not be said to be pecuniary injury. This view is sanctioned in the case of Benevolent &c. Order of Elks *v.* Improved Benevolent &c. Order of Elks of the World, 205 N. Y. 459 (98 N. E. 756, Ann. Cas. 1913E, 639), where the court said: "A benevolent corporation is entitled to an injunction against the unfair and misleading use of a corporate name by another corporation engaged in similar enterprises, although it is not carrying on any trade, or industrial or financial business, which can be injuriously affected by the use of the name." And while the plaintiffs and defendants in the instant case are not incorporated, the principle is the same. Salvation Army *v.* American Salvation Army, 135 App. Div. 268 (120 N. Y. Supp. 471) ; Society of War of 1812 *v.* Society of War of 1812, 46 App. Div. 568 (62 N. Y. Supp. 355). There was no abuse of discretion in the grant of a temporary injunction.

*Judgment affirmed. All the Justices concur, except Judge Jones, who heard the argument, but did not participate in the decision.*