## In re The Philharmonic Orchestra Association of Phila.

*Benjamin Byer*, for petitioners; *Maxwell Pestcoe*, for exceptants.

ALESSANDRONI, J., May 28, 1931.—On November 5, 1930, a petition for a charter for a corporation of the first class to be known as The Philharmonic Orchestra Association of Philadelphia was presented to the court. The purpose of the organization is to support and promote musical, dramatic and artistic education and to establish and maintain the Philadelphia Philhar-

monic Orchestra. Exceptions to the petition for charter were filed on behalf of the Philharmonic Society of Philadelphia, a corporation of the first class organized in Philadelphia in 1918, complaining that the granting of a charter to the petitioner under the name of "The Philharmonic Orchestra Association of Philadelphia" would violate the exclusive rights to the use of its name, would result in interference with the business of the exceptant and would create confusion between the two corporations. It is further averred that the petitioners for the charter were warned in advance of the opposition of the exceptant, but, nevertheless, proceeded to advertise the proposed corporation and solicited subscriptions thereto. Testimony bearing on the exceptions was presented before the master and clearly indicates that the use of the name "The Philharmonic Orchestra Association of Philadelphia" will create confusion between it and the Philharmonic Society of Philadelphia. Several of the organizers of the intended association so testified on cross-examination and the master so found in his report. The master recommended that the charter be granted, however, for two reasons: First, because the proposed corporation has registered its name with the Secretary of the Commonwealth and has been granted a certificate of registration, and, secondly, because the Philharmonic Society of Philadelphia has not functioned for the past four or five years.

The petitioner argues that the exceptant should have registered its name in accordance with the Act of May 16, 1923, P. L. 246, and the subsequent validating Acts of March 5, 1925, P. L. 21, March 17, 1927, P. L. 43, and March 28, 1929, P. L. 100. Petitioner argues that by failing so to register, the exceptant has lost its exclusive right to the use of its name. We have carefully examined all the acts in question and find that they cannot be construed in the manner contended by the petitioners. The Act of May 16, 1923, P. L. 246, provides that a corporation of the first class "heretofore chartered under the laws of this Commonwealth, may register with the Secretary of the Commonwealth the name, title, or designation under which he, they, or it are doing business or operating; and every such corporation organized after the passage of this act shall register with the Secretary of the Commonwealth its proposed name and address at the time of filing its application for charter, and notify him of the granting thereof within thirty days after the same shall have been granted. . . ." This act clearly renders it permissive and discretionary with a previously organized corporation to avail itself of the privilege granted by the act. Corporations afterwards organized are required to comply with the terms of the act. The act nowhere interferes with the right to a corporate name acquired prior to its passage. The validating Acts of 1925, 1927 and 1929, supra, provide only for corporations of the first class organized after the passage of the Act of 1923, and their provisions apply only to corporations of the first class which are required to comply with the provisions of the Act of 1923.

The other reason advanced by the petitioners and adopted by the master, namely, that the Philharmonic Society of Philadelphia has not functioned for five years and so will not be harmed by the granting of the charter to the petitioner under the proposed name, has no factual or legal justification. The testimony shows that while no concerts or musical entertainments have been given by the Philharmonic Society of Philadelphia since 1926, the corporation has been kept alive and numerous efforts have been made to obtain the financial support necessary to further its purposes. In fact, it was stated that a proposition that could not be disclosed was pending at the time the hearing before the master took place. Meetings have been held since 1926 and we find no justification for paradoxically declaring dead a corporation which is

legally alive merely because it has not been successful in procuring the financial assistance necessary for the further expansion of its activities. To grant a charter to the petitioners under the proposed name would unquestionably create confusion in the public mind and would unjustly deprive the Philharmonic Society of Philadelphia of the full benefit of the name which the courts of this state conferred upon it and whatever standing or prestige it has acquired through its activities.

The question as to whether the granting of the charter to the petitioner under the proposed name would cause injury and damage to the exceptant and violate its property rights is not decisive or controlling. As stated in Lying-In Charity v. Maternity Hospital, 29 Pa. Superior Ct. 420, a petition to change the name of the society was refused "not because any absolute vested right of the appellees would be infringed by the appellant's adoption of the proposed name, but because of the tendency to confusion that might result." To the same effect is In re Societa Di Soccorso Independente Rome E Provincia, 3 D. & C. 22. The question of confusion is primarily addressed to the discretion of the court: 1 Savidge on Penna. Corporations, 38. We feel that the petitioners should not be permitted to cause the confusion that would inevitably follow the granting of a charter under the proposed corporate name nor to deprive the exceptant of the benefits and advantages that have come to be associated with it. The petitioners should, therefore, so modify or amend their corporate title as to avoid confusion with the name of the exceptant corporation.

And now, to wit, May 28, 1931, the exceptions to the petition for the charter are sustained, with leave, however, to the petitioners to amend the title of the proposed corporation in accordance herewith.