(46 App. Div. 568.)

## SOCIETY OF THE WAR OF 1812 v. SOCIETY OF THE WAR OF 1812 IN THE STATE OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   January 12, 1900.)

CORPORATIONS—NAME—WRONGFUL USE—INJUNCTION.

Where plaintiff, a society incorporated in New York under the name of the Society of the War of 1812, alleged that it was organized for patriotic, benevolent, and social purposes, and to collect and preserve documents relating to the War of 1812, and to commemorate its victories, etc., and that the defendant, a corporation subsequently organized under the same name, with the addition of the words "in the State of New York," was incorporated for similar objects, and it was shown that the purposes for which plaintiff was organized were injuriously affected by defendant's use of its name, plaintiff was entitled to an injunction to restrain such use; Act 1875, § 6, under which plaintiff was incorporated, forbidding the use of a name or style the same as that of a previously existing corporation, and Corporation Law 1895 providing that no certificate of incorporation having a name so closely resembling that of another corporation as to be calculated to deceive shall be filed,—it not having been guilty of laches in applying for such relief.

Appeal from special term, New York county.

Action by the Society of the War of 1812 against the Society of the War of 1812 in the State of New York.   From an order restraining the defendant pendente lite from using plaintiff's corporate name, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Learned Hand, for appellant.

Asa B. Gardiner, for respondent.

PATTERSON, J.   This is an appeal from an order made at the special term whereby the defendant, its officers, agents, attorneys, servants, and members, are "enjoined, restrained, and forbidden during the pendency of the above-entitled action, and until the further order of this court in the premises, from using, directly or indirectly, as part of the name or style of defendant, the words and figures 'The Society of the War of 1812,' and from publishing or otherwise representing or describing the defendant as 'The Society of the War of 1812 in the State of New York.'"   Both societies are incorporated under statutes of the state of New York.   The plaintiff, under the provisions of chapter 267 of the Laws of 1875, filed its certificate in the office of the secretary of state on January 8, 1892. Its corporate name is the Society of the War of 1812.   The defendant was organized under the membership corporation law of the state of New York, and filed its certificate with the secretary of state on July 6, 1896.   Its title is identical with that of the plaintiff, except that it has added to the words constituting the plaintiff's title the further words "in the State of New York."   The objects for which the plaintiff was incorporated are stated to be "patriotic, historical, literary, benevolent, and social," and, among other things, "to collect and preserve the manuscript rolls, records, and other documents relating to the War of 1812, and to commemorate the land and naval

victories of the American arms in that war, and to undertake and assist in the erection of proper memorials"; "to participate in the celebration of other patriotic historical events of national impor-tance; to unite, when desirable, with other military societies formed by men who served in the armies and navies of the United States in the War of Eighteen Hundred and Twelve, in such manner as may not be inconsistent with law." The object of the defendant corporation, as expressed in its certificate, is the commemoration of the War of 1812, the preservation of historical objects connected therewith, and the collection of records and data thereto appertaining. The plaintiff asserts that the corporate name adopted by the defendant is virtually the same as that of the plaintiff, or so nearly resembles it that it is calculated to deceive; that the persons who organized the defendant corporation knew of the existence of the plaintiff society; that the plaintiff did not know of the filing of the defendant's certificate until long after it was filed, and has never consented to the use of the words constituting the plaintiff's corporate name; that the defendant's certificate of incorporation was filed with intent to enter upon the particular business of the plaintiff, and to cause the public generally, and those seeking admission into the plaintiff society, to believe that the defendant is that society, and thus wrongfully to divert from the plaintiff to the defendant funds and membership applications which otherwise would be destined to the plaintiff; and it sets forth that, by reason of the filing of the defendant's certificate, gifts and bequests or transfers of things of value which may be intended for the plaintiff by any member of the plaintiff's organization or other persons resident in another state are liable to be appropriated or taken by the defendant under its name and style, on a claim of due incorporation under that name and style, to the injury of the plaintiff, and that such injury cannot be estimated, and that the contingency mentioned is liable to happen at any time. The plaintiff also sets forth that certain valuable privileges belong to it or its members under joint resolutions of the congress of the United States, approved September 25, 1890, and that officers of the army and navy of the United States who are members of the plaintiff organization are comprehended and included in that joint resolution of the congress. There are statements and allegations contained in the plaintiff's papers constituting charges of specific fraud of the defendant in procuring the incorporation of its society, but we do not attach any special importance to those allegations. The defendant sets forth in affidavits that it was organized under permission derived from a general society of the War of 1812, which appears to exist as a voluntary association in Pennsylvania, and which authorized the establishment of branch societies in several states of the Union; that it has organized and adopted its corporate name in good faith. The defendant also sets forth that the plaintiff society is not generally known through the state of New York as being a society virtually with the same title as that of the defendant; that it is more generally known by the name of the Veteran Corps of Artillery, with which it became amalgamated by the provisions of chapter 91 of the Laws of 1895; that the plain-

tiff uses the title of the Veteran Corps of Artillery Military Society of the War of 1812; and that no confusion arises by reason of any real or supposed identity of corporate names, and, if the plaintiff has sustained any injury, it has been caused by the fact of the defendant's existence, aside from its name, and would have resulted under whatever name the defendant might have been incorporated. The defendant also denies that it has entered upon the plaintiff's business, and asserts that the plaintiff purports to be a military society, having military as well as civil officers, and a military uniform, and is a local institution in New York City; that the defendant is a civic society, having no military organization and no uniform; that it admits to membership descendants of any participants in the War of 1812, while plaintiff restricts its membership. On the other hand, the plaintiff has shown that it does use and is known by its corporate title, and that confusion is likely to be caused by the two societies having substantially the same corporate name, and has produced proof, emanating from the defendant, that that contention is well founded. The plaintiff, although the words "in the State of New York," are not a part of its corporate title, has been in the habit of so describing itself, and it would appear that that fact was known to some of the organizers of the defendant corporation; one of those gentlemen having made formal application to be admitted into membership of the plaintiff society, and having addressed his application for membership to the plaintiff as the Society of the War of 1812 in the State of New York. After the incorporation of the defendant, it transmitted to publishers of almanacs statements concerning the plaintiff, charged it with having appropriated the corporate name of the defendant in some of its publications, and stated that when such words were used it resulted in no little confusion and annoyance.

We think it is quite plain that the necessary result of the use by different corporations of names so nearly identical is to produce confusion in the conduct of their business. The plaintiff has the priority of right to the use of the words constituting its corporate title. The defendant has assumed the same name, merely adding, as part of its technical designation, words which are descriptive of the plaintiff with respect to its status, both in law and in fact, as a corporation of the state of New York.

It is urged by the defendant that, even in the strongest aspect in which the facts may be presented by the plaintiff, the court is without jurisdiction to grant injunctive relief; and the broad proposition is advanced that no injunction can issue against the use of a name, "except where that name actually interferes with some commercial business or trade of the plaintiff." In support of this proposition, numerous cases are relied on, such as Levy v. Walker, 10 Ch. Div. 447; Du Boulay v. Du Boulay, L. R. 2 P. C. 430; Day v. Brownrigg, 10 Ch. Div. 295; Clark v. Freeman, 11 Beav. 112. In the cases cited, the right to restrain by injunction is put upon the ground of injury to property or business; and in the case of Charles S. Higgins Co. v. Higgins Soap Co., 144 N. Y. 462, 39 N. E. 490, it is said, with respect to corporate names, that the same rule applies as to

names of firms or individuals, and an injunction lies to restrain the simulation and use by one corporation of the name of a prior corporation, where it tends to create confusion, and to enable a later corporation to obtain, by reason of the similarity of names, the business of the prior one. The right to injunctive relief depends upon the use by one party of a name or corporate designation of another so as to interfere with its business, whatever it may be,—not necessarily a commercial or trading business. This results from the fact that many corporations are created under the laws of this state which have nothing to do with trade or commerce. As they are authorized by, and are the creatures of, the law, it would be a strange condition if the law could not protect them in that which it has encouraged them to do. It is the policy of the state of New York, embodied in its statutes, to allow of the incorporation of such societies as the plaintiff and the defendant. That policy was proclaimed, if not inaugurated, by the enactment of the statute of 1875, under which a multitude of corporations of various kinds, which are in no way commercial or trading corporations, or societies constituted for profit, have been organized. It was part of the policy of the law to secure such corporations immunity from rival societies assuming the same corporate name. The sixth section of the act of 1875, under which the plaintiff was incorporated, forbade any corporation formed under it from using a name or style the same as that of any previously existing incorporated society in this state; and the general corporation law of 1895 enacts, with respect to corporate names, that no certificate of incorporation of a proposed corporation, having the same name as an existing domestic corporation, or a name so nearly resembling it as to be calculated to deceive, shall be filed or recorded in any office for the purpose of effecting its incorporation. Here there is a declared purpose of preventing confusion and conflict between societies arising out of identity or similarity of names. It is very easy to see how the operations of one society would be crippled by the other, and especially in a case like this, where the words superadded to the defendant's title are nothing more than descriptive of the plaintiff. Here are two societies, both corporations of the state of New York, and both known to be such; and that one may readily be mistaken for the other is quite apparent. The principle upon which the court will interfere is that by the assumption of a name the business of one corporation may be injuriously interfered with or affected by the other. There is evidence here that the plaintiff has been injured by the defendant, although there is none of actual deception, but it is not necessary that actual deception should be shown. "It is the liability to deception which the remedy may be invoked to prevent. It is sufficient if injury to the plaintiff's business is threatened or imminent, to authorize the court to intervene to prevent its occurrence." Taendsticksfabriks Akticbolagat Vulcan v. Meyers, 139 N. Y. 367, 34 N. E. 905. We do not intend to intimate, nor give any weight to the suggestion, that the gentlemen connected with the organization of the defendant have been guilty of actual or intended fraud. That question does not arise. It is sufficient that the plain-

tiff has a prior right, that the defendant has assumed a style and title which is substantially that of the plaintiff, that the plaintiff's business, or the purposes for which it was organized, will be injuriously affected by the defendant continuing to use the title by which it was incorporated, and there has been no laches which would operate to prevent the plaintiff from receiving the aid of the court.

We think, therefore, that the injunction was properly granted, and the order should be affirmed, with $10 costs and disbursements. All concur.