THE DEMOCRATIC ORGANIZATION OF THE COUNTY OF RICHMOND, N. Y., Being the Elective Committee of the Democratic Party in the County of Richmond, by EDWARD J. MALOY, Treasurer, Appellant, v. THE DEMOCRATIC ORGANIZATION OF THE COUNTY OF RICHMOND, INC., Also Known as " THE DEMOCRATIC ORGANIZA-TION OF THE COUNTY OF RICHMOND, NEW YORK, INC.," and BERNARD N. CANTOR, Respondents.— Order denying plaintiff's motion for a temporary injunction affirmed, with ten dollars costs and disbursements. We affirm the order on the ground that there are questions of fact involved, particularly as to the prior use of the name " The Democratic Organization of the County of Richmond, N. Y." by the plaintiff. Such questions should be decided after trial, rather than upon affidavits. We do not approve the reasons given at Special Term for the denial of the motion. A county committee of a political party is an unincorporated association. (Saxer v. Democratic County Committee of Erie Co., 161 Misc. 35.) The complaint alleges in substance that the members of the county committee of Richmond county have for many years conducted their organization under the title " The Democratic Organization of the County of Richmond, N. Y." If such be the fact, there is an unincorporated association of that name whose members are entitled to maintain an action in the name of their treasurer. (General Associations Law, § 12.) Nor is the possession of the corporate name by the defendant corporation conclusive evidence of the right to use such name. A membership corporation may, under proper circumstances, be restrained from using a name previously adopted and used by an association. (Black Rabbit Association v.

*Munday,* 21 Abb. N. C. 99; *Rudolph, as President, etc.,* v. *Southern Beneficial League,* 23 id. 199; *Talbot* v. *Independent Order of Owls,* 220 Fed. 660.) The appropriation by a corporation of a name in previous use, of a character so similar as to be calculated to deceive, is subject to restraint by injunction. (*Society of 1812* v. *Society of 1812,* 46 App. Div. 568; *B. P. O. Elks* v. *Improved B. P. O. Elks,* 205 N. Y. 459.) We do not now attempt to determine the ultimate rights of the parties. We hold merely that the action is maintainable. Hagarty, Carswell, Davis, Adel and Close, JJ., concur.