IRENE BEAUTY SHOPPE, INC., Respondent, v. MISS IRENE, INC., Appellant.

First Department, April 14, 1938.

*Joseph W. Freifeld*, for the appellant.

*Arthur J. Homans* of counsel [*Samuel J. DuBoff*, attorney], for the respondent.

DORE, J.  In this action for a permanent injunction based on alleged unfair competition no fraud or bad faith on defendant's part was established in connection with the original acquisition or retention of the name, nor was any simulation shown of the appearance of plaintiff's shop or similarity in script or design of the type in which the names appear.  Defendant's beauty parlor is located in New York city five miles from the plaintiff's establishment and has a local trade of its own.  No confusion of customers was shown and not a single witness produced who had been misled.  Plaintiff also wholly failed to establish any secondary meaning within the metropolitan area attached to the name Irene as used by plaintiff to entitle it to the exclusive right to its use.

In this record we find no evidence of any unfair or dishonest use by defendant of its name or of any resort to artifice or deceit to mislead the public or cause confusion as to the identity of the respective businesses of plaintiff and defendant, nor any proof that defendant was palming off its goods or services as those of plaintiff or that unfair methods were adopted by defendant or its employees. (*Romeike, Inc.*, v. *Romeike & Co., Inc.*, 179 App. Div. 712.)  A similar prior action brought by this plaintiff against this defendant was dismissed by this court for failure to prosecute.  (*Irene Beauty Shoppe, Inc.*, v. *Miss Irene*, 250 App. Div. 747.)  The record is devoid of facts sufficient to warrant any injunction on the theory of unfair competition.

The judgment should be reversed, with costs, and judgment directed in favor of defendant dismissing the complaint, with costs.

MARTIN, P. J., O'MALLEY, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs, and judgment directed in favor of the defendant dismissing the complaint, with costs.  Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.