JAMES H. FAY, Plaintiff, *v.* JOHN J. O'CONNOR and Others, Defendants.

Supreme Court, Special Term, New York County, November 4, 1938.

*Henry Alexander* [*George G. Lake* of counsel], for the plaintiff.

*John J. O'Connor* [*James F. Dulligan* and *Kermit F. Kip* of counsel], *pro se.*

LAUER, J. Plaintiff is the candidate of the Democratic party for Member of Congress in the sixteenth Congressional district of the borough of Manhattan, city and State of New York.

The defendant has heretofore represented that party in Congress and was a candidate in the Democratic primaries for nomination for that office but was unsuccessful. He is now a candidate of the Republican party for election as well as of the Andrew Jackson party. The Andrew Jackson party was recently incorporated and nominated the defendant O'Connor as its candidate by petition.

It appears that the defendant O'Connor has designated himself in certain correspondence to his constituents as a Democrat and that there has been put forward in the interests of the defendant O'Connor certain signs, placards or posters which described the " Andrew Jackson party " as the " Andrew Jackson Democratic Party."

The plaintiff asks for a temporary injunction against the defendant from using the word " Democrat " or " Democratic " or any abbreviation of that name or of the name " Democratic Party " in connection with the independent body known as Andrew Jackson party, and asks further that defendant be directed to remove forthwith the name " Democrat " or " Democratic " from any placards, posters, etc.

According to the affidavit of the plaintiff the claim is asserted that the defendant's use of the name " Democratic " party is a violation of subdivision 3 of section 137 of the Election Law of the State of New York which reads as follows: " The name selected for the independent body making the nomination shall not include the name or part of the name or an abbreviation of the name, of a then existing party." It appears, however, that section 137 of the Election Law has reference to the independent nominating petitions. There is no question now before the court in connection with the nominating petitions. Apparently that was properly done under the designation of the Andrew Jackson party.

The objection of the plaintiff seems to center to the use in certain advertising matter or signs or placards of the inclusion of the word " Democratic " in front of the designation of the party in connection with the nomination of O'Connor by the Andrew Jackson party. The purpose of the statute would seem to be the avoidance of confusion in the minds of the voters in connection with the election machinery whether ballot or machine. The statute appears to be limited in this direction. It does not cover beyond the official election machinery and does not cover the situation which is sought to be enjoined by the plaintiff in this case. However, may it not be said that this laudable purpose of not confusing the voter may be carried a step further in respect to advertising matter which is put out by the independent body making the nomination? Generally the law seeks to protect the public from being confused by the use of names in connection with private enterprises. Thus it has been held that the appropriation by one corporation of a name in previous use of a character so similar as to be calculated to confuse is subject to restraint by injunction. (*Society 1812* v. *Society 1812*, 46 App.' Div. 568; *B. P. O. Elks* v. *Improved B. P. O. Elks*, 205 N. Y. 459; *Democratic Organization of the County of Richmond, N. Y.*, v. *Democratic Organization of the County of Richmond, Inc.*, 253 App. Div. 820.)

I reach the conclusion, therefore, that so far as the incorporation of the word " Democratic " in the advertising matter of the defendant Andrew Jackson party is concerned, it is an improper use and should be enjoined.

The defendant O'Connor claims, and I think rightfully so, that he is entitled to call himself a Democrat and write to his constituents that as a Democrat he is standing for election as the independent candidate of the Andrew Jackson party and I can see no objection to his stating in that connection as to how the Andrew Jackson party is composed, to wit, that it is composed of Democrats, if that be the fact, nor can I see any objection as to the Andrew Jackson party making the statement that it is composed of Democrats, if that be the fact, in connection with its advertising matter. The defendant O'Connor actually at the present time is the Congressman from that Congressional district, having been elected as a Democrat, and I do not think that it may properly be said that he loses his status of a Democrat merely because at this time he finds that he is no longer favored with the Democratic party nomination. He may nevertheless consider himself properly a member of the party and call himself a Democrat.

The order hereon may be settled on three hours' notice in view of the shortness of time elapsing between now and election day.