PASQUALE E. MELE, as Executive Member of the Republican County Committee of Bronx County for the 13th Executive District, Respondent, v. JOHN C. RYDER, Individually and as President of West Bronx Young Republican Club, et al., Appellants.

First Department, June 25, 1959.

*Lewis Abrahams* of counsel (*Adolph C. Orlando,* attorney), for appellants.

*George Salvatore* for respondent.

*Robert C. Rosenberg* for Association of New York State Young Republican Clubs, Inc., *amicus curiæ.*

BREITEL, J.  Special Term granted a temporary injunction against defendants in an action brought by the executive member of the Republican County Committee of Bronx County for the 13th Executive District.  Plaintiff is, in effect, the Republican district leader of the 13th Assembly District in Bronx County. Defendants are the West Bronx Young Republican Club, an unincorporated association in existence for 11 years and affiliated with the incorporated New York State Association of Young Republican Clubs; the Women's Republican Club of Riverdale and Spuyten Duyvil, an unincorporated association which has existed for some 38 years; and three recently created temporary organizations, also unincorporated: the Committee for a Stronger Republican Party in Bronx County; the Bronx (County) Committee for a Stronger G. O. P.; and the Republican Clubs of Riverdale and Spuyten Duyvil.  Also joined as defendants are individuals constituting the leadership of these organizations.

Defendants are, in some respects, politically opposed to the regular county and district organizations.  The temporary injunction, among other things, barred them from using the word " Republican " in the names of the organizations, prohibited them from the use of the initials " G. O. P." and the traditional emblems of the Republican party: the eagle, and the elephant.

The ultimate issue raised is the extent to which a regular political organization may prevent insurgent or dissident groups from using the descriptive names and emblems of the party. It is not disputed that all the persons involved are actually members of the party, although dissident.  It is not seriously disputed that they are engaged in rivalry for control with the incumbent local leadership of the regular organizations.

The applicable principles of law relate, in the absence of statute, to the prevention of confusion and fraud among voters by insurgent and dissident organizations in seeking their support.  (*Democratic Organization of County of Richmond* v. *Democratic Organization of County of Richmond,* 253 App. Div.

820; *Fay* v. *O'Connor,* 169 Misc. 466, affd. 257 App. Div. 815, affd. 281 N. Y. 849; *Gerlach* v. *Andrew Apts.,* 282 App. Div. 830, modfg. *sub nom. Gerlach* v. *Good Government Republican Club,* 16 Misc 2d 1050.)

Giving appropriate weight to these principles, it should be evident that the temporary injunction granted is entirely too broad. As a consequence, it should be modified to accomplish the prevention of confusion and fraud, but, on the other hand, not to prevent or discourage unduly legitimate political activities. Moreover, extraordinary caution is required when a temporary injunction is summarily granted in advance of trial.

Courts of equity are empowered to restrain the use of names, marks and other devices, of whatever character, in various protected areas of activity, if their use is designed to deceive or will tend to confuse persons addressed, as to the origin or character of the organizations or persons using such names, marks or devices. (*Benevolent & Protective Order of Elks* v. *Improved Benevolent & Protective Order of Elks,* 205 N. Y. 459; *Society of War of 1812* v. *Society of War of 1812,* 46 App. Div. 568; and see, as to trade, e.g., *Tecla Corp.* v. *Salon Tecla,* 249 N. Y. 157; *Colman* v. *Crump,* 70 N. Y. 573; *Albro Metal Prods. Corp.* v. *Alper,* 281 App. Div. 68.) Where, however, despite similarity of names, there is no danger of confusion or the fact of fraud, there is neither basis nor necessity for equitable intervention. (See, e.g., *Irene Beauty Shoppe* v. *Miss Irene,* 254 App. Div. 52; *Romeike, Inc.* v. *Romeike & Co.,* 179 App. Div. 712, affd. 227 N. Y. 561; *Mavco* v. *Hampden Sales Assn.,* 273 App. Div. 297.)

Thus, the fact that the West Bronx Young Republican Club and the Women's Republican Club of Riverdale and Spuyten Duyvil have chosen to dispute various political issues with the local regular organizations does not, alone, deprive them of the right to use the truly descriptive names which they have borne for many years. There is nothing in the record to indicate that voters have suffered, or are likely to suffer any confusion or any deception with regard to what these organizations are, or that they have ceased to act in complete harmony with the local regular organizations. With respect to the West Bronx Young Republican Club, it is not irrelevant that it is chartered by the incorporated State association. And there is nothing in the record or in reason to conclude that the State organization or any of its component chartered units may use the truly descriptive words in their names only on sufferance of the regular organization. (See *Sheldrick Assn.* v. *Robert Blaikie Regular Democratic Organization,* 17 Misc 2d 393, relied on by plaintiff.

The case involved fraud and " inequitable use ", a quite different matter, and thus justified termination of the right to the descriptive name.)

When one turns, however, to the names of the relatively temporary organizations, a different result is suggested. In the case of these groups it is not clear from the names alone whether they purport to be adjuncts of the regular organizations or insurgent. Hence, there is patent danger of confusion. Thus, there is merit to requiring safeguards to prevent confusion — or fraud, if the confusion is intended.

Apart from the names used, there is the matter of public signs displayed. The photographs clearly indicate potential confusion. The sign referring to " Republican Headquarters " suggests the headquarters of a regular organization. As a consequence, with respect to such use of signs, equitable relief is warranted. But the relief need not extend to the point of excluding entirely the use of the descriptive word " Republican ", so long as it is also made to appear that the named group is in opposition to the regular organizations.

Much has been made of the last-unnumbered paragraph of section 10 of the Membership Corporations Law which, in the case of the incorporation of political organizations, confers a qualified veto power on county chairmen in permitting the use of the word descriptive of the political party. There is no doubt that some courts have extended the policy of that statute to cover certain unincorporated associations on the theory that they are " de facto corporations ". This does not mean, however, that the statute extends to every unincorporated association which may choose to use the descriptive word in the name of a political party.

If the statute had any such extension, it would be of doubtful validity. Incorporation is a privilege granted by the State. The privilege may be withheld on reasonable and nondiscriminatory grounds. But the voluntary association of individuals for lawful political purposes is a prime constitutional right, to which the use of a truly descriptive name would seem, in ordinary circumstances, to be an obvious derivative right.

Cases applying the statutory rule by analogy have involved groups organized and named in order to confuse and also intended to avoid the hurdle of obtaining the consent of the county chairman. Thus the rule of the statute has been extended to meet an obvious attempt to evade the statute (e.g., *Perilli* v. *Tamawa Club,* 172 Misc. 24, 25; *Owasco Club* v. *Kantor,* 171 Misc. 960; cf. *Gerlach* v. *Good Government Republican Club,* 16

Misc 2d 1050, but mod. 282 App. Div. 830). Nothing in the present case suggests such purpose. As a consequence, the cases applying the doctrine of the " *de facto* corporation " are not in point. Indeed, the West Bronx Young Republican Club, which has been in existence for so many years, was organized and chartered by the State association in the same manner as the many other Young Republican clubs throughout the State have been organized and chartered. Similarly, the Women's Republican Club of Riverdale and Spuyten Duyvil has carried on its activities under that name for these many years, long before the amendment to section 10 of the Membership Corporations Law (L. 1937, ch. 424). It is not the long user which exempts these groups; but it is a long user which negatives both the tendency to confuse or the intention to confuse.

Insofar as facsimile ballots and advertisements in the newspapers are concerned, some of which were received as exhibits in the record, the fair practice to follow is simple. If it appears from the advertisement, as is true of the one which appeared in the *Riverdale Press* under date of August 7, 1958, that the advertisers are not affiliated with the regular organizations but, on the contrary, are opposed to them, no corrective sanction is required. On the other hand, where there is ambiguity, as in the instance of one of the facsimile ballots submitted, the sponsors should be required to include prominent language to the effect that the sponsors are opposed to the local regular organizations.

There is nothing new in the principle discussed. At the same time, it is notable that some decisions at Special Term have, in the past, used language which seems to have assumed that regular political organizations are exclusively entitled to the use of the descriptive word in party names, and the licensing of such use by affiliated groups. There is no such right of exclusion. But there is ample power to prevent confusion and fraud.

Accordingly, the temporary injunction granted by Special Term should be modified, on the law and the facts, and in the exercise of discretion, in the following particulars: 1) the references in the second and third ordering paragraphs to the West Bronx Young Republican Club should be deleted; 2) the references in the second and third ordering paragraphs to the Women's Republican Club of Riverdale and Spuyten Duyvil should be deleted; 3) the Bronx Committee for a Stronger G. O. P. and the Republican Clubs of Riverdale and Spuyten Duyvil may continue to use their names and the traditional Republican emblems and abbreviations, but only if at the same

time, in equally large lettering or type, there are appended the words " Opposed to the regular Republican District and County Organizations "; 4) the fourth and fifth ordering paragraphs should be modified to prohibit the specified activities unless defendants disclose in writing, printing, or orally, whichever is appropriate, that the activity is in opposition to the regular Republican district and county organizations; and 5) the Bronx County Committee for a Stronger Republican Party may not use the words " County Committee " in its name, but shall otherwise be subject to the other provisions of the temporary injunction as it should be modified; and the order should be otherwise affirmed without costs to any party.

Settle order on five days' notice.

BOTEIN, P. J. (dissenting in part). If there is an apparent tendency to confuse inherent in the use of the party name by the defendants, that circumstance alone would entitle plaintiff to equitable relief. The length of time that an organization has used the name, previous sanction, or the fact that it has been chartered by a State or national association, would then become wholly immaterial. Upon this premise, there is no basis for the distinctions made in the majority opinion among some of the defendant organizations.

While the " Women's Republican Club of Riverdale and Spuyten Duyvil " may have been in existence for 38 years and may have used its name long prior to the 1937 amendment of section 10 of the Membership Corporations Law, its name is not essentially different from that of the " Republican Clubs of Riverdale and Spuyten Duyvil ", and there appears to be an equal tendency to confuse. The use of a party name modified solely by a geographical designation gives the user the appearance of a local branch of the party organization. I would not, therefore, exempt the " Women's Republican Club of Riverdale and Spuyten Duyvil " from the operation of the decretal provisions. There is no apparent tendency to confuse, however, in the use of the names " West Bronx Young Republican Club ", " Committee for a Stronger Republican Party in Bronx County ", or " The Bronx Committee for a Stronger G. O. P.", and I would therefore be in favor of modifying the decree to allow the use of each of those names. I would further modify the order to permit the use of the party name by the other designated groups if the legend that such groups were either opposed to the regular organization or not affiliated with the regular organization appeared in prominent lettering together with the

name. A requirement that the legend be equal in size or type to the organization name would be impractical in many instances.

RABIN, J. (dissenting in part). I am not fully in accord with the opinion of the majority. While any enrolled Republican may use the word "Republican" in any literature that may be sent out by him — even in opposition to the regular Republican organization — that word may not be used in a manner which would tend to create confusion. However the use of the word "Republican" in the name of any group opposing the regular organization does tend to confuse. There is plenty of latitude allowed one opposing the organization without incorporating the word "Republican" in the group's name. In these intra-party contests it should be clear which group represents the regular organization and which group represents the opposition. By enacting section 10 of the Membership Corporations Law the Legislature recognized the harm that might result from the mere use of a party name by any group without the consent of the regular organization.

The prior use of the party name by any group will not justify its continued use when that group opposes the regular organization. While the group is working together with the regular party organization there can be no confusion. But when such a group goes in opposition to the regular organization, confusion must necessarily arise by continued use of the party name. An analogous situation would be that of an executive member who, after being defeated in a primary election, loses the right to continue the use of the party name in the title of his organization, regardless of how long he had used that name in the past. To allow him to continue such use would lead voters to believe that he still represented the regular organization. And so with the Women's Republican Club of Riverdale and Spuyten Duyvil. While it was working with the regular party organization there could be no misunderstanding by the public as to its regularity. After it became a dissident group however, the continued use of the name "Republican" in its title unquestionably became misleading. The same may be said as to the West Bronx Young Republican Club. Nor is the objection overcome by that group's securing from a so-called parent organization permission to operate with the name "Republican" in its title.

I see no harm in permitting the use of the name "Bronx Committee for a Stronger G. O. P." The word "Republican" is not there used and the name in and of itself does not necessarily lead one to believe that it is part of the regular organization. Likewise, I see no harm in permitting the use of the elephant

or the letters " G. O. P." Objectionable however is the use of the eagle as an emblem by any organization in opposition to the regular Republican organization. The eagle is the official emblem of the Republican party. It is so recognized and appears on the ballot opposite the Republican party name. It is associated in the public mind with the regular Republican party and it must mislead voters if used together with the name of any organization in opposition to the regular Republican organization.

Accordingly, I would modify the order of Special Term only to the extent of eliminating from the ordering paragraphs 2, 3 and 4 the following, wherever they appear: " The Bronx Committee for a Stronger G. O. P.", " the initials ' G. O. P.' ", the word " elephant ", and I would otherwise affirm.

VALENTE and MCNALLY, JJ., concur with BREITEL, J.; BOTEIN, P. J., and RABIN, J., dissent in part, in separate opinions.

Order modified on the law and on the facts, etc.