■ In the Matter of WILLIAM H. KELLY, Appellant, v PASQUALE J. CURCIO et al., Respondents.—In (1) a proceeding to review the designation of the Chairperson of the Town of Huntington Conservative Committee by the Executive Committee of the Town of Huntington Conservative Committee upon the resignation of the elected Chairperson and to compel the respondents to convene a meeting of the entire Town of Huntington Conservative Committee to elect a successor Town Chairperson, and (2) a cross proceeding pursuant to Election Law §§ 2-110, 2-124 and 16-104, inter alia, to enjoin the appellant from employing the name "Conservative Party" or its emblem, in connection with his "Committee to Restore

Integrity to Our Suffolk County Conservative Party", the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Gerard, J.), entered September 6, 1991, which, after a hearing, dismissed the petition and granted the cross petition to the extent of enjoining the appellant from using the name "Conservative Party", and the emblem of the Conservative Party, and from raising funds for any committee which uses any variation of the name "Conservative Party".

Ordered that the order and judgment is modified, on the law, by deleting the second decretal paragraph thereof and substituting therefor a provision granting the cross petition to the extent that (1) William H. Kelly, his agents, employees and assignees are enjoined from employing the words "Conservative Party" in the name of a "Committee" in opposition to any incumbent Conservative Party committee in Suffolk County, unless words to the effect that the group is "opposed to the regular organization of the Conservative Party in Suffolk County" or "not affiliated with the regular organization of the Conservative Party in Suffolk County" appear in prominent lettering together with the group's name and (2) William H. Kelly, his agents, employees and assignees are enjoined from soliciting funds unless it is disclosed in writing or orally, whichever is appropriate, that the group is working in opposition to the incumbent Suffolk County Conservative Party organization, and otherwise denying the cross petition; as so modified the order and judgment is affirmed, without costs or disbursements.

The manner in which vacancies in political party offices are filled is determined by reference to the rules of the party (Matter of Bachmann v Coyne, 99 AD2d 742). Here the Town of Huntington Conservative Committee rules provide that "[i]n case of the * * * resignation [of an officer] the Executive Committee may fill the vacancy created thereby for the remainder of the unexpired term". The Suffolk County Conservative Committee's rules provide that a vacancy in the position of a Conservative Town Chairperson shall be filled by a vote of the entire Town Committee. However, that rule is expressly made subject to the rules of each Town Committee so that it becomes operative only when a Town Committee's rules fail to provide a mechanism to fill such a vacancy. Consequently, there is no conflict between the Town and County rules and the vacancy in the office of Town of Huntington Conservative Chairperson was properly filled by the

Executive Committee of the Town of Huntington Conservative Committee.

Turning to the cross petition, we find that the injunction precluding William H. Kelly from using the name or emblem of the Conservative Party in connection with a group in opposition to the present incumbent Suffolk County Conservative Party organization was too broad. The primary concern in this area is to prevent confusion and fraud among voters by insurgent and dissident organizations seeking their support *(see, Mele v Ryder,* 8 AD2d 390, 392; *Democratic Org. v Democratic Org.,* 253 App Div 820; *Fay v O'Connor,* 169 Misc 466, *affd* 257 App Div 815, *affd* 281 NY 849; *Gerlach v Andrew Apts.,* 282 App Div 830). At the same time, "the voluntary association of individuals for lawful political purposes is a prime constitutional right, to which the use of a truly descriptive name would seem, in ordinary circumstances, to be an obvious derivative right" *(Mele v Ryder, supra,* at 394). Thus, equitable intervention should be limited to preventing confusion or fraud *(Mele v Ryder, supra).*

It is fairly clear that the "Committee to Restore Integrity to Our Suffolk County Conservative Party" has objectives at odds with those of the incumbent Suffolk County Conservative Party organization. However, there is some small risk that it might be viewed as an arm of the County organization. Consequently, we require that words to the effect of "opposed to the regular organization of the Conservative Party in Suffolk County", or "not affiliated with the regular organization of the Conservative Party in Suffolk County" appear in prominent lettering together with the group's name. This will prevent confusion without unduly discouraging legitimate political activities *(see, Mele v Ryder, supra).* Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.