■ In the Matter of WILLIAM H. KELLY, Appellant, v PASQUALE J. CURCIO et al., Respondents. [603 NYS2d 333] —In a proceeding, *inter alia,* to compel the respondents to convene a meeting of the entire Town of Huntington Conservative Committee to elect a successor Town Chairperson, William H. Kelly appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated August 5, 1993, which, after a hearing, held him in civil contempt for his willful disobedience of a prior order of the same court dated September 6, 1991, as modified by decision and order of this Court dated February 18, 1992 *(Matter of Kelly v Curcio,* 180 AD2d 737), and fined him $250 pursuant to Judiciary Law § 773.

Ordered that the judgment is affirmed, with costs.

The appellant was enjoined by a prior order of the Supreme Court, Suffolk County, dated September 6, 1991, from using the name "Conservative Party", or its emblem, in written materials circulated on behalf of the insurgent Conservative Party of Suffolk County to which he belonged. By order dated February 18, 1992, this Court modified that order, permitting the insurgent group to use the name "Conservative Party", but only if it also employed language indicating that the group was opposed to, or not affiliated with, the regular Conservative Party organization of Suffolk County.

Subsequent to the decision and order of this Court dated February 18, 1992, the appellant distributed literature, in particular a flier for the insurgent group, using the "Conservative Party" name but without including the required qualifying language. The respondents applied to this Court to hold the appellant in contempt. By decision and order on motion dated December 10, 1992, this Court remitted the matter to the Supreme Court, Suffolk County, to hear and determine whether the appellant was in contempt. The Supreme Court subsequently found the appellant in civil contempt.

The record supports the court's ruling. It shows that the respondents met their burden of proving to a reasonable degree of certainty that the appellant William H. Kelly, by his conduct, violated a lawful and unequivocal court order of which he had knowledge and, in doing so, prejudiced the respondents' rights *(see,* Judiciary Law § 753 [A]; *Matter of Department of Envtl. Protection v Department of Envtl. Con-*

*servation,* 70 NY2d 233, 239-240; *Matter of McCormick v Axelrod,* 59 NY2d 574, 583; *see also, Pereira v Pereira,* 35 NY2d 301, 308; *Educational Reading Aids Corp. v Young,* 175 AD2d 152; *Matter of Fishel v New York State Div. of Hous. & Community Renewal,* 172 AD2d 835, 837). All the elements of civil contempt were thus established.

The appellant's remaining contentions lack merit. Sullivan, J. P., Lawrence, O'Brien and Santucci, JJ., concur.